United States Bankruptcy Court

Western District of Wisconsin

IN RE:  Case No. **11-14316**

**Mireles, Alfonso & Escobar, Rosa Maria**  Chapter **13**

Debtor(s)

## AMENDED CHAPTER 13 PLAN

**YOUR RIGHTS WILL BE AFFECTED.** You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this plan or any motion included below must file a timely written objection. This plan may be confirmed and the motions included below may be granted without further notice or hearing unless written objection is filed before the deadline stated on the separate Notice you should have received from the bankruptcy court. If you have a secured claim, this is notice that your lien may be voided or modified if you do not object to this plan.

**THIS PLAN DOES NOT ALLOW CLAIMS.** You must file a proof of claim to be paid under any plan that may be confirmed.

**1. PAYMENT AND LENGTH OF PLAN.** Debtor shall pay $**269.96** per **two weeks** to the Chapter 13 Trustee starting **07/29/2011** for approximately **36** months. A payroll deduction order will issue to the Debtor's employer: **Madison-Kipp Corporation, P.O. Box 8043, Madison, WI 53708.**

**2. ADMINISTRATIVE EXPENSES**

| Creditor | Type of claim | Amount |
|---|---|---|
| **Pablo Carranza - Attorney at Law, LLC** | **Attorney fee** | **2,324.00** |

**3. CURING DEFAULT AND MAINTAINING PAYMENTS**
Trustee shall pay allowed claim for arrearages, and Debtors shall pay regular postpetition contract payments directly to this creditor:

| Creditor | Collateral or Type of Debt | Arrearage | Estimated Interest Rate (arrearage) | Monthly Arrearage Payment | Regular Monthly Payment |
|---|---|---|---|---|---|
| **HFC** | **Homestead real property** | **8,104.33** | **0.00%** | *Pro rata* | **869.60** |

**4. SECURED CLAIMS**
The Trustee shall only pay interest on allowed secured claims if specifically requested on the face of the proof of claim; but no higher than the rates provided for below:

| Creditor | Collateral | Scheduled Debt | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| **CitiFinancial** | **2002 Kia Rio** | **1,496.70** | **1,862.00** | **6.00%** | *Pro rata* |
| **CitiFinancial** | **1999 Ford F-150** | **2,594.03** | **5,062.00** | **6.00%** | *Pro rata* |
| **Dane County Treasurer** | **Homestead real property:** | **2,043.50** | **110,000.00** | **12.00%** | *Pro rata* |

**5. UNSECURED CLAIMS.** Allowed, non-priority unsecured claims shall be paid a *pro rata* distribution of remaining payments.

**6. OTHER PLAN PROVISIONS**

(a) **Lien Retention**. Liens are released upon payment of allowed secured claim as provided above in Section 4.

(b) **Vesting of Property of the Estate**. Property of the estate shall revest in Debtors upon discharge.

(c) **Payment Notices**. Creditor provided for above in Section 3 may continue to mail customary notices or coupons to the Debtors or Trustee notwithstanding the automatic stay.

(d) **Order of Distribution**. Trustee shall pay allowed claims in the following order: **(1) Trustee Commissions; (2) Attorney fees; (3) Secured Claims; (4) Priority Claims; (5) Unsecured Claims.**

(e) **Special treatment of second mortgage**. The Debtors shall not make monthly 2nd mortgage payments to HFC and shall initiate an adversary proceeding to strip its lien on the Debtors' homestead. The claims of HFC for its 2nd mortgage, if any, shall be treated as general unsecured claims.

Dated: **September 17, 2011**  */s/ Alfonso Mireles*
  Signature of Debtor
*/s/ Pablo Carranza*  */s/ Rosa Maria Escobar*
Signature of Attorney  Signature of Joint-debtor